IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SARAH M. STEFFEK, and JILL VANDENWYNGAARD, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    *vs.*<br><br>CLIENT SERVICES, INC., a Missouri Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>            Defendants. | Case No.: _____ |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiffs, SARAH M. STEFFEK and JILL VANDENWYNGAARD, on behalf of themselves and all others similarly situated, by way of this Class Action Complaint against Defendants, CLIENT SERVICES, INC. ("CLIENT SERVICES") and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, by and through their attorneys, say:

**I.    PRELIMINARY STATEMENT**

1.    Plaintiffs, on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiffs and other similarly situated Wisconsin consumers.

2.    Plaintiffs allege Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and, using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information as to the validation of a debt be provided in a collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are: failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

7. Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

8. STEFFEK is a natural person.

9. At all times relevant to this lawsuit, STEFFEK was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

10. VANDENWYNGAARD is a natural person.

11. At all times relevant to this lawsuit, VANDENWYNGAARD was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

12. At all times relevant to this complaint, CLIENT SERVICES is a for-profit corporation existing pursuant to the laws of the State of Missouri.

13. Plaintiffs are informed and believe, and on that basis allege, that CLIENT SERVICES maintains its principal business address at 3451 Harry S. Truman Boulevard, City of St. Charles, St. Charles County, Missouri.

14. On information and belief, CLIENT SERVICES has registered with the State of Wisconsin as a foreign corporation.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs, who will amend this Complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. On advice of counsel, Plaintiffs allege that, on information and belief, JOHN AND JANE DOES NUMBERS 1 THROUGH 25 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures that are the subject of this Complaint and were used by Defendants and their employees. Those Defendants personally

control, and are engaged in, the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all the wrongdoing alleged herein.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because CLIENT SERVICES is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS APPLICABLE TO ALL PLAINTIFFS

19. CLIENT SERVICES, INC. regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of CLIENT SERVICES, INC. is the collection of such debts.

### V. FACTS CONCERNING STEFFEK

20. STEFFEK received a letter ("Steffek Letter") dated February 22, 2017.

21. A true copy of the Steffek Letter is attached as ***Exhibit A*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect Steffek's privacy.

22. The Steffek Letter described an alleged defaulted past-due balance ("Steffek Debt") regarding a Chase Bank USA, N.A. account.

23. The Steffek Debt is alleged by Defendants to be a financial obligation arising out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes.

24. The Steffek Debt was in default and charged-off by the original creditor at the time the Steffek Letter was sent.

25. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

26. Creditors often sell their charged-off accounts to third-party debt buyers who purchase large portfolios of defaulted consumer debts and then hire debt collection companies, such as CLIENT SERVICES, to collect those debts.

27. On advice of counsel, STEFFEK alleges that, on information and belief, the Steffek Letter is a computer-generated from a template or form that CLIENT SERVICES uses to collect defaulted consumer debts.

28. *Exhibit A* is the initial written communication CLIENT SERVICES sent to STEFFEK.

29. At the top left of *Exhibit A* it reads, "RE: CHASE BANK USA, N.A.."

30. In the first paragraph of *Exhibit A* it simply states, "The above account has been placed with our organization for collections."

31. *Exhibit A* does not identify the name of the creditor to whom the Steffek Debt is owed.

32. *Exhibit A* does not identify the name of the entity who placed the Steffek Debt with CLIENT SERVICES for collections.

33. By failing to identify the creditor of the Steffek Debt, ***Exhibit A*** leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

34. CLIENT SERVICES's failure to identify the creditor is false, deceptive, and misleading and is in violation of the FDCPA.

35. Therefore, the Steffek Letter deprived STEFFEK of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

## VI. FACTS CONCERNING VANDENWYNGAARD

36. VANDENWYNGAARD received a letter ("Vandenwyngaard Letter") dated February 22, 2017.

37. A true copy of the Vandenwyngaard Letter is attached as ***Exhibit B*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect Vandenwyngaard's privacy.

38. The Vandenwyngaard Letter described an alleged defaulted past-due balance ("Vandenwyngaard Debt") regarding a Chase Bank USA, N.A. account.

39. The Vandenwyngaard Debt is alleged by Defendants to be a financial obligation arising out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes.

40. The Vandenwyngaard Debt was in default and charged-off by the original creditor at the time the Vandenwyngaard Letter was sent.

41. Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off

accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

42. Creditors often sell their charged-off accounts to third-party debt buyers who purchase large portfolios of defaulted consumer debts and then hire debt collection companies, such as CLIENT SERVICES, to collect those debts.

43. On advice of counsel, VANDENWYNGAARD alleges that, on information and belief, the Vandenwyngaard Letter is a computer-generated from a template or form that CLIENT SERVICES uses to collect defaulted consumer debts.

44. *Exhibit B* is the initial written communication CLIENT SERVICES sent to VANDENWYNGAARD .

45. At the top left of *Exhibit B* it reads, "RE: CHASE BANK USA, N.A.."

46. In the first paragraph of *Exhibit B* it simply states, "The above account has been placed with our organization for collections."

47. *Exhibit B* does not identify the name of the creditor to whom the Vandenwyngaard Debt is owed.

48. *Exhibit B* does not identify the name of the entity who placed the Vandenwyngaard Debt with CLIENT SERVICES for collections.

49. By failing to identify the creditor of the Vandenwyngaard Debt, *Exhibit B* leaves the unsophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

50. CLIENT SERVICES's failure to identify the creditor is false, deceptive, and misleading and is in violation of the FDCPA.

51. Therefore, the Vandenwyngaard Letter deprived VANDENWYNGAARD of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

## VII. POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendants' policy and practice to mail written collection communications to consumers, in the form attached as *Exhibit A* and *Exhibit B*, which violate the FDCPA.

53. The violations alleged in this complaint did not only occur with respect to Plaintiffs, but also with respect to all other Wisconsin consumers who received a letter similar to *Exhibit A* and *Exhibit B*. There are at least forty people in this situation, given the fact Defendants collect debts through their use of bulk form letters like *Exhibit A* and *Exhibit B*.

## VIII. CLASS ALLEGATIONS

54. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

56. This claim is brought on behalf of a Class of all persons to whom CLIENT SERVICES mailed a written communication in the form of *Exhibit A* and/or *Exhibit B*, to an address in the State of Wisconsin, during the period of January 30, 2017 through February 20, 2018, which lists "RE: CHASE BANK USA, N.A." and states "The above account has been placed with our organization for collections," but which does not identify the name of creditor to whom the debt is owed or the name of the entity who placed the debt for collection.

57. The identities of the Class members are readily ascertainable from the business records of CLIENT SERVICES and those entities on whose behalf they attempt to collect debts.

58. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from CLIENT SERVICES substantially in the same form as *Exhibit A* and *Exhibit B*.

59. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether CLIENT SERVICES's written communications to consumers in the form of *Exhibit A* and *Exhibit B* violate 15 U.S.C. §§ 1692e including, but not limited to, §§ 1692e(2)(A) and 1692e(10), and 15 U.S.C. § 1692g(a)(2).

60. Plaintiffs' claims are typical of the Class members, as all are based upon the same facts and legal theories.

61. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> (a) **Numerosity:** On advice of counsel, Plaintiffs allege on information and belief that Class is so numerous that joinder of all members would be impractical and includes at least 40 members.
>
> (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether Defendants' written communications in the form of *Exhibit A* and *Exhibit B* violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** Plaintiffs' claims are typical of class members' claims. Plaintiffs and all members of the Class have claims arising from Defendants' common course of conduct complained of herein.

(d) **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests that are averse to absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

63. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P.

23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Steffek Letter and/or the Vandenwyngaard Letter.

## IX. FIRST CAUSE OF ACTION

65. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

66. CLIENT SERVICES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

67. STEFFEK is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68. The Steffek Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

69. The Steffek Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

70. The Steffek Letter was mailed by CLIENT SERVICES in its attempt to collect the Steffek Debt.

71. CLIENT SERVICES's mailing of the Steffek Letter violated the FDCPA including, but not limited to, using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of §§ 1692e(2)(A) and 1692e(10) and by failing to identify the name of the creditor to whom the debt is owed in violation of § 1692g(a)(2).

72. VANDENWYNGAARD is a "consumer" as defined by 15 U.S.C. § 1692a(3).

73. The Vandenwyngaard Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

74. The Vandenwyngaard Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

75. The Vandenwyngaard Letter was mailed by CLIENT SERVICES in its attempt to collect the Vandenwyngaard Debt.

76. CLIENT SERVICES's mailing of the Vandenwyngaard Letter violated the FDCPA including, but not limited to, using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of §§ 1692e(2)(A) and 1692e(10) and by failing to identify the name of the creditor to whom the debt is owed in violation of § 1692g(a)(2).

## VIII. PRAYER FOR RELIEF

77. WHEREFORE, Plaintiffs respectfully request the Court enter judgment against Defendants and in favor of the Plaintiffs and those similarly situated as follows:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for each Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award in favor of each Plaintiff in recognition of each Plaintiff's services on behalf of the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

Respectfully submitted this 30th Day of January 2018,

    *s/ Andrew T. Thomasson*
Andrew T. Thomasson (NJ Bar # 048362011)
Philip D. Stern (NJ Bar # 045921984)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: andrew@sternthomasson.com
E-Mail: philip@sternthomasson.com

*Attorneys for Plaintiffs, Sarah M. Steffek and Jill Vandenwyngaard*