# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

SARAH M. STEFFEK, and JILL
VANDENWYNGAARD, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

        *vs.*         Case No.: 1:18-cv-00160-WCG

CLIENT SERVICES, INC., a Missouri
Corporation; and, JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,

        Defendants.

## PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

Plaintiffs, Sarah M. Steffek and Jill Vandenwyngaard, respectfully request this Court enter an order determining that this action may proceed as a class action against Defendant, Client Services, Inc. ("Client Services"). Plaintiffs assert claims against Client Services under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23, defined as follows:

> All persons with addresses in the State of Wisconsin to whom Client Services, Inc. mailed an initial written communication, between January 30, 2017 and February 20, 2018, which was not returned as undeliverable, and which lists "RE: CHASE BANK USA, N.A." and states "The above account has been placed with our organization for collections."

Plaintiffs further request that their attorneys, STERN•THOMASSON LLP, be appointed counsel for the class.

In support of this motion, Plaintiffs respectfully state:

## NATURE OF THE CASE

1. Client Services mailed an initial collection letter dated February 22, 2017 to Plaintiff, Sarah M. Steffek, which sought to collect an alleged debt, and which she received in the ordinary course of mail. ("Steffek Letter"). [Doc. 1, Exh. A; *Thomasson Decl.*, ¶8, Exh. 1 at No. 9; ¶9, Exh. 2 at No. 14; ¶10, Exh. 3 at Nos. 7 and 15; and ¶11, Exh. 4 at CSI0056-57].

2. Client Services also mailed an initial collection letter dated February 22, 2017 to Plaintiff, Jill Vandenwyngaard, which sought to collect an alleged debt, and which she received in the ordinary course of mail. ("Vandenwyngaard Letter"). [Doc. 1, Exh. B; *Thomasson Decl.*, ¶8, Exh. 1 at No. 11; ¶9, Exh. 2 at No. 15; ¶10, Exh. 3 at Nos. 8 and 16; and ¶11, Exh. 4 at CSI0057-58].

3. The Steffek Letter and Vandenwyngaard Letter are collectively referred to herein as the "Letters."

4. The Letters are computer-generated, template form letters, which Client Services uses to collect debts from Wisconsin residents. [*Thomasson Decl.*, ¶10, Exh. 3 at Nos. 13-18 and 19-23]. Client Services use the number "809" to identify its template collection Letters at issue in this lawsuit. [*Id.* at ¶8, Exh. 1 at Nos. 9 and 11; Doc. 1 at Exhs. A and B].

5. The Letters each list a "BALANCE DUE," "RE: CHASE BANK USA, N.A.," a partial "ACCOUNT NUMBER," and then state, "The above account has been placed with our organization for collections." [Doc. 1, Exhs. A and B]. The Letters neither identify a "creditor," the name of the entity to whom the debt is owed, or even the name of the entity who "placed" the accounts for collection. [Doc. 1, ¶¶28-32 and 44-48; Exhs. A and B].

## CLASS CERTIFICATION REQUIREMENTS

6. All requirements for a class action under Fed. R. Civ. P. 23 have been met.

7. The class is so numerous that joinder of all members is impractical. There are approximately 4,300 persons who meet the Class definition [*Thomasson Decl.*, ¶8, Exh. 1 at Nos. 5 and 12; and ¶10, Exh. 3 at Nos. 15-23].

8. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

>   (a) Whether Client Services has a practice of mailing initial collection letters, in the form of Exhibits A and B to Plaintiffs' Complaint [Doc. 1], which fail to adequately identify the creditor to whom the debt is owed; and
>
>   (b) Whether such practice violates the FDCPA.

9. The only individual issue is the identification of class members, which is a ministerial task Client Services has already performed. [*Id.* at ¶8, Exh. 1 at Nos. 5-8]. Client Services admits members of the Class defined above can be identified using its business records [*Id.* at ¶10, Exh. 3 at No. 29] and it estimates there are 4,300 persons who meet the Class definition [*Id.* at Nos. 21-23; *see also,* ¶8, Exh. 1 at Nos. 5 and 12].

10. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in litigating class actions and complex consumer claims and they do not have any conflicting interests with the class members. [*Id.* at ¶¶2-6; 11]. Plaintiffs' counsel have sufficient resources to insure the vigorous prosecution of this action in class members' best interests. [*Id.* at ¶7]. Plaintiffs' claims are typical and common of the class members—indeed, all are based on the same factual predicate (*i.e.*, a standardized, template, collection letter that fails to identify the creditor) and legal theories (*i.e.*, FDCPA violation).

11. A class action is appropriate for the fair and efficient adjudication of the class members' claims. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights or that Client Services has violated those rights thereby entitling class members to recover damages.

12. In further support of this motion, Plaintiffs rely upon the Declaration of Andrew T. Thomasson, the accompanying memorandum of law, the pleadings and other documents on file with the Court, and any oral argument the Court may consider.

**WHEREFORE**, Plaintiffs respectfully request the Court enter an order determining that this action may proceed as a class action.

Respectfully submitted this 25th Day of May 2018.

>  *s/ Andrew T. Thomasson*
> Philip D. Stern (NJ Bar # 045921984)
> Andrew T. Thomasson (NJ Bar # 048362011)
> STERN•THOMASSON LLP
> 150 Morris Avenue, 2nd Floor
> Springfield, NJ 07081-1315
> Telephone: (973) 379-7500
> Facsimile: (973) 532-2056
> E-Mail: philip@sternthomasson.com
> E-Mail: andrew@sternthomasson.com
>
> *Attorneys for Plaintiffs, Sarah M. Steffek and Jill Vandenwyngaard*