UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARAH M. STEFFEK and
JILL VANDENWYNGAARD,

        Plaintiffs,

  v.                                                                         Case No. 18-C-160

CLIENT SERVICES INC.,

        Defendant.

## DECISION AND ORDER

Plaintiffs Sarah M. Steffek and Jill Vandenwyngaard allege Defendant Client Services Inc. violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by sending each Plaintiff a debt collection letter that failed to identify the creditor. Plaintiffs filed a motion for class certification on May 25, 2018. They propose to represent a class consisting of "[a]ll persons with addresses in the State of Wisconsin to whom Client Services, Inc. mailed an initial written communication, between January 30, 2017 and February 20, 2018, which was not returned as undeliverable, and which lists 'RE: CHASE BANK USA, N.A.' and states 'The above account has been placed with our organization for collections.'" Pls.' Br. at 3, ECF No. 15. For the following reasons, Plaintiffs' motion for class certification will be granted.

## BACKGROUND

Plaintiffs' allegations arise from letters they received from Defendant dated February 22, 2017. Plaintiffs allege that the letters are computer generated, template form letters Defendant uses to collect debts from Wisconsin residents. Each letter lists a balance due regarding "Chase Bank

USA, N.A." and a partial account number. The letters state, "The above account has been placed with our organization for collections." ECF No. 1-1. Plaintiffs assert that Defendant violated the FDCPA by mailing letters that fail to identify a creditor, the name of the entity to whom the debt is owed, or the name of the entity who placed the accounts for collection. Plaintiffs seek statutory damages on behalf of themselves and the proposed class for this purported violation.

## ANALYSIS

The legal standards governing motions for class certification are well established. A plaintiff requesting class certification must satisfy the four prerequisites of Rule 23(a) as well as one of the provisions listed in Rule 23(b). *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Rule 23(a) requires that a plaintiff establish that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is the plaintiff's burden to prove that class certification is warranted. *Oshana*, 472 F.3d at 513. Rule 23 is not a "mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), and a plaintiff must prove each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012), *reh'g denied* Feb. 28, 2012 (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

The four preliminary requirements of Rule 23(a)—numerosity, commonality, typicality, and adequate representation—have been satisfied in this case. Defendant does not dispute that Plaintiffs have satisfied the numerosity requirement of Rule 23(a). The proposed class, which includes 4,300

2

members, is sufficiently large to meet Rule 23(a)(1)'s numerosity requirement. *See Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir. 2006) (recognizing that classes consisting of as few as forty members could satisfy numerosity).

Rule 23(a)(2)'s commonality requirement is satisfied when a common issue of law or fact is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. In other words, a plaintiff must show that the class members "suffered the same injury." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (citation omitted). Defendant asserts that Plaintiffs cannot meet the commonality requirement because resolution of the legal question—whether the debt arises from a consumer debt—must be answered on an individualized basis. In particular, Defendant asserts that the court will be required to determine whether the debt arises from personal, family, or household use. But the Seventh Circuit recognizes that, at this stage, "[c]ommon nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted). In this case, Plaintiffs allege that the letters Defendant mailed to the purported class violate the FDCPA because they failed to identify the creditor of the debt it sought to collect. Compl. ¶ 56, ECF No. 1. This is sufficient to establish common issue of law or fact.

Defendant further argues that the court would need to determine whether each individual received the letter and actually read it. As an initial matter, courts presume that a letter mailed by the defendant was received by each putative class member. *Fosnight v. LVNV Funding, LLC*, 310 F.R.D. 389, 393 (S.D. Ind. 2015) (citing *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir.

3

2001)). Though this presumption is rebuttable, Defendant has provided no evidence that the class members did not receive the letters it sent them. If it is later discovered that an individual did not receive a letter, that individual may be easily removed from the class. In addition, the class members need not have read the letter in order to recover statutory damages for a potential violation of the FDCPA. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). After all, the standard is not whether the individual was confused or misled by the letter but rather whether an unsophisticated consumer would be. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Plaintiffs have sufficiently supported commonality at this stage.

The typicality requirement of Rule 23(a)(3) "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims or other class members and his or her claims are based on the same legal theory." *Id.* (citation omitted). Defendant does not dispute that Plaintiffs meet the typicality requirement. Plaintiffs' allegations that Defendant mailed the same allegedly offending form letter to the purported class members gives rise to each member's claim that Defendant violated the FDCPA. Accordingly, the typicality requirement is satisfied.

Finally, Rule 23(a)(4) requires that the class representatives "fairly and adequately protect the interests of the class." This prerequisite is directed at "concerns about the competency of class counsel and conflicts of interest" between the class and its representatives. *Dukes*, 564 U.S. at 349 n.5. In assessing the adequacy of the class' representation, the court must consider whether the named Plaintiff "(1) has antagonistic or conflicting claims with other members of the class; (2) has

4

sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of establishing this standard is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). Defendant does not dispute that Plaintiffs have no conflicting claims with other class members; that Plaintiffs have a sufficient interest in the outcome of the litigation; or that counsel is competent. Instead, it asserts that Plaintiffs would not be adequate class representatives because they have not been actively involved in the case and have not demonstrated how they would deal with conflict that might arise between Plaintiffs as class representatives.

Defendant asserts that the class representatives have not been actively involved in the case, as one of the plaintiffs did not see the complaint until five months after it was filed. Rule 23(a)(4)'s adequacy requirement has been interpreted to require only that "the class representative understand the basic facts underlying [her] claims." *In re Discovery Zone Securities Litigation*, 169 F.R.D. 104, 109 (N.D. Ill. 1996). Here, Plaintiffs have demonstrated a basic understanding of the facts of the underlying matter and a willingness and ability to participate in this lawsuit. In addition, the fact that Plaintiffs have not implemented a plan to resolve a potential conflict does not mean that they are inadequate class representatives or that they have conflicting interests with the class. The court finds that Plaintiffs are adequate class representatives.

Having satisfied the four requirements of Rule 23(a) by a preponderance of the evidence, Plaintiffs must satisfy at least one of Rule 23(b)'s provisions. In this case, Plaintiffs rely on Rule 23(b)(3), which requires that the court find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy." In deciding this issue, the court should consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

"[A] common question predominates over individual claims if 'a failure of proof on the common question would end the case' and the whole class 'will prevail or fail in unison.'" *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015) (quoting *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 460 (2013)). The issue here—whether Defendant violated the FDCPA by sending template letters to the purported class without identifying the current creditor of the debt it sought to collect—predominates over any individual questions of the class members. Plaintiffs have therefore met their burden of establishing predominance under Rule 23(b).

As to superiority, Defendant asserts that a class action is not the superior method of litigating the issues presented here. It claims that a class action would not provide superior relief to the class because its assets are so limited that class recovery would be *de minimis*. The Seventh Circuit has noted, albeit in dicta, that "a de minimis recovery (in monetary terms) should not automatically bar a class action" because "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). Other courts have found class actions to be the superior method for adjudicating FDCPA claims, even if the recovery is *de minimis*, because the FDCPA "contemplates class actions even

6

though an individual recovery may be larger." *Nichols v. Northland Grps., Inc.*, No. 05 C 2701, 2006 WL 897867, at *11 (N.D. Ill. Mar. 31, 2006); *see also Spice v. Blatt, Hasenmiller, Liebsker & Moore LLC*, No. 1:16-CV-366-TLS, 2018 WL 525723, at *9 (N.D. Ind. Jan. 24, 2018) ("The plain language of the FDCPA supports class certification even where individual class member recovery is likely de minimis."); *Warcholek v. Medical Collections Sys., Inc.*, 241 F.R.D. 291 (N.D. Ill. 2006); *Spuhler v. State Collection Servs., Inc.*, No. 16-CV-1149, 2017 WL 4862069, at *6 (E.D. Wis. Oct. 26, 2017). In addition, any class member that may choose to seek recovery on his own may opt out of the class.

The fact that recovery may be minimal supports Plaintiffs' assertion that a class action is the superior method of resolution. Although Defendant contends the putative class members may bring a lawsuit on their own, as evidenced by the "approximately 10,000 FDCPA lawsuits . . . filed every year," Def.'s Br. at 8, ECF No. 23, the relatively small value of the individual claims here limits the likelihood that an individual may bring his own action. "Rule 23(b)(3) was designed for situations like this, in which the potential recovery is too slight to support individual suits, but the injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006); *see also Sanders v. Jackson*, 209 F.3d 998, 1003 (7th Cir. 2000) ("[I]t is the plaintiffs' recognition that their claims are relatively insignificant which induces them to sue as one body."). The court concludes that a class action is the superior method for adjudicating the claims in this case. A class action would promote the fair and efficient adjudication of the issues raised here and would be superior to the large number of individual lawsuits that would otherwise result. Plaintiffs have therefore satisfied the superiority component of Rule 23(b)(3).

## CONCLUSION

Plaintiffs have fulfilled the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. For the foregoing reasons, Plaintiffs' motion for class certification (ECF No. 14) is **GRANTED**. The following class is hereby certified: "All persons with addresses in the State of Wisconsin to whom Client Services, Inc. mailed an initial written communication, between January 30, 2017 and February 20, 2018, which was not returned as undeliverable, and which lists 'RE: CHASE BANK USA, N.A.' and states 'The above account has been placed with our organization for collections.'"

It is further ordered that counsel of record for Plaintiffs is appointed as class counsel. Within 30 days of the date of this order, class counsel shall provide the court with a proposed notice to be provided to potential class members consistent with Federal Rule of Civil Procedure 23(c)(2)(B). Class counsel shall consult with Defendant before submitting the proposed notice.

Dated this   31st   day of July, 2018.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court