UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT WISCONSIN
GREEN BAY DIVISION

SARAH M. STEFFEK, and JILL
VANDENWYNGAARD, on behalf of
themselves and all others similarly situated,
             Plaintiffs,

vs.

CLIENT SERVICES, INC., a Missouri
Corporation; and, JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,
             Defendants.

Case No.: 1:18-cv-00160-WCG

I, Michael E. Hamer, hereby declare as follows:

1. I am a Project Manager at Heffler Claims Group, LLC ("Heffler"). Our business address is 1515 Market Street, Suite 1700, Philadelphia, PA 19102. Our main telephone number is (215) 665-8870. I am over twenty-one years of age and am authorized to make this declaration on behalf of Heffler and myself. This Declaration is based upon my personal knowledge as well as information provided to me by my associates and staff.

2. Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities, employment and labor, consumer and government enforcement matters. Heffler provided notification, settlement, and/or claims administration services in more than 1,000 cases.

3. I submit this declaration to demonstrate Heffler's compliance with regard to the duties required of the Third-Party Administrator ("Administrator") as required by the Court's "Order Granting Plaintiff's Unopposed Request for Approval of Form and Method of Class Notice" dated August 22, 2018 (Docket No. 29).

4. Heffler was appointed as Administrator to provide notification and administration services in the above-captioned matter, including: (a) mailing the Court's approved Notice to the Class; (b) logging request for exclusions; (c) establish a toll-free number; (d) set up and monitor

a website; (e) logging and seeking new addresses for Class Members and re-mailing the Notice to them if the Notice was returned as undeliverable; (f) such other tasks as Counsel mutually agree or the Court orders or requests Heffler to perform.

5. Heffler opened the post office box address of: Steffek v. Client Services; c/o Claims Administrator; P.O. Box 58070, Philadelphia, PA 19102-8070 to receive requests for exclusions, undeliverable Class Notices, inquiries, and other communications about the lawsuit.

6. On August 26, 2018, Heffler received the Class List, which contained the names and mailing addresses of 5,504 persons. The list was checked for duplicate class member information and a total of 1,380 records were identified and removed as duplicates or non-Class Members. The remaining 4,124 with domestic mailing addresses were processed, standardized and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service ("USPS"). The NCOA contains change of address notifications filed with the USPS. In the event that an individual had filed a USPS change of address notification, the address listed with NCOA was used in connection with the mailing of the Notice.

7. On or about August 28, 2018, Heffler received text for the Class Notice. Heffler reformatted and conformed the court-approved Long Form Notice which the Parties' counsel approved prior to mailing. The final approved notice is attached as **Exhibit A** and was issued to Class Members to provide adequate information of the Pendency of Class Action and the Class Members' rights to exclude themselves.

8. On August 29, 2018, Heffler set up, activated and continues to maintain, the toll-free telephone number 1-888-972-6583. All inquirers about the lawsuit went directly to Class Counsel.

9. On September 6, 2018, Heffler established and activated the Lawsuit's Website with the name of *www.ClientServicesClassAction.com* that provides an explanation of the litigation, and important dates; and posted copies of: (i) Notice; (ii) Sample Letter; (iii) Complaint; (iv) Order Approving Class Notice; and other pertinent documents. Potential Class

2
DECLARATION OF MICHAEL E. HAMER
Case No.: 1:18-cv-00160-WCG

Case 1:18-cv-00160-WCG    Filed 11/13/18    Page 2 of 18    Document 46

Members who learn of the settlement through any means are able to obtain copies of these documents through the Settlement Website, 24 hours per day, even if they had not directly received a Class Notice by mail. The Settlement Website continues to be fully operational and fully functional. Through November 1, 2018, the Lawsuit's website has had 73 visits, and 12 Notices downloaded.

10. On September 7, 2018, Notices were printed and mailed to the 4,124 Class Members contained in the Class List with mailing addresses via postage prepaid, first-class U.S. Mail. The Notices advised Class Members of the Pendency of Class Action, and that they could file an exclusion postmarked by October 24, 2018.

11. As of November 9, 2018, there have been 582 Notices returned by the USPS as undeliverable. Of these: (a) a total of 15 were returned with forwarding addresses; and (b) a total of 567 were returned without forwarding addresses. Through November 9, 2018, Heffler has re-mailed 13 Notices to the forwarding addresses provided by the USPS, and 284 Notices to updated addresses obtained from LexisNexis.

12. As of November 9, 2018, Heffler has received and logged requests for exclusion from five (5) persons. A list of those requesting to be excluded is attached as **Exhibit B**.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this November 12, 2018, in Philadelphia, Pennsylvania.

_____
Michael E. Hamer

# EXHIBIT A

| | |
|---|---|
| SARAH M. STEFFEK, and JILL VANDENWYNGAARD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  *vs.*<br><br>CLIENT SERVICES, INC.,<br><br>    Defendant. | Case No.:<br>1:18-cv-00160-WCG |

# NOTICE OF PENDENCY OF CLASS ACTION

*A Federal court authorized this notice – This is not a solicitation from a lawyer.*
*Do not be alarmed, you are NOT being sued.*

**According to CLIENT SERVICES, INC., it sent you a collection letter. A sample copy of the letter appears at the end of this Notice.**

**A pending class action lawsuit concerning that letter may affect your rights.**

**It is important that you read this Notice.**

**If you do *not* want to be part of the Class, you must mail a request, in writing, to be excluded**
**NO LATER THAN OCTOBER 24, 2018.**

- Two Wisconsin residents sued Client Services, Inc. ("CSI") alleging deceptive collection practices based on its form letter.

- The Court has allowed the lawsuit to be a class action on behalf of "[a]ll persons with addresses in the State of Wisconsin to whom Client Services, Inc. mailed an initial written communication, between January 30, 2017 and February 20, 2018, which was not returned as undeliverable, and which lists 'RE: CHASE BANK USA, N.A.' and states 'The above account has been placed with our organization for collections.'"

- The Court has not yet decided whether CSI did anything wrong. There is no money available now, and no guarantee there ever will be. However, your legal rights are affected and, therefore, you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome and possibly receive a monetary award. Give up certain rights.** By doing nothing, you keep the possibility of receiving money that may come from a trial or settlement. But, you give up your right to sue CSI separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** If you ask to be excluded and money is later awarded, you won't share in the award. But, you keep your right to sue CSI separately about the same legal claims in this lawsuit. |

- Your options are explained in this Notice. To ask to be excluded, *you must act by October 24, 2018*.

- Lawyers must prove the claims against CSI. If money or benefits are obtained from CSI and you have not asked to be excluded, your share will be sent to you.

- **Any questions? Read on.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ..................................................................................................................4

    1. Why did I get this notice? ...............................................................................................4

    2. What is this lawsuit about? .............................................................................................4

    3. What is the class action and who is involved? ...............................................................4

    4. Why is this lawsuit a class action? .................................................................................5

    5. What does the lawsuit complain about? .........................................................................5

    6. What is CSI's answer? ....................................................................................................6

    7. Has the Court decided who is right? ...............................................................................6

    8. What are the Plaintiffs asking for? ..................................................................................6

    9. Is there any money available now? ................................................................................7

**WHO IS IN THE CLASS** ................................................................................................................7

    10. Am I part of this Class? ................................................................................................7

**YOUR RIGHTS AND OPTIONS** .....................................................................................................7

    11. What happens if I do nothing at all? ..............................................................................7

    12. Why would I ask to be excluded? ..................................................................................8

    13. How do I exclude myself from the Class? .....................................................................8

**THE LAWYERS REPRESENTING YOU** .........................................................................................9

    14. Do I have a lawyer in this case? ....................................................................................9

    15. Should I get my own lawyer? ........................................................................................9

    16. How will the lawyers be paid? .......................................................................................9

**THE TRIAL** ..................................................................................................................................9

    17. How and when will the Court decide who is right? .......................................................9

    18. Do I have to come to the trial? .......................................................................................9

    19. Will I get money after the trial? ...................................................................................10

**GETTING MORE INFORMATION** ................................................................................................10

    20. Are more details available? ........................................................................................100

**SAMPLE LETTER** .....................................................................................................................111

Questions? Call 1-888-972-6583 or go to www.ClientServicesClassAction.com

- 3 -

Case 1:18-cv-00160-WCG    Filed 11/13/18    Page 7 of 18    Document 46

# BASIC INFORMATION

## 1. Why did I get this notice?

This Notice explains that the Court has allowed this lawsuit to continue as a class action that may affect you. The lawsuit was filed against CSI. The individual who brought the lawsuit alleged claims because CSI used a certain form collection letter.

According to CSI's records it mailed you the same form collection letter that is at issue in this lawsuit. A sample copy of CSI's collection letter is at the end of this Notice.

You have legal rights and options that you may exercise *before* the Court holds a trial. For more information about the trial, see "The Trial" section (below).

The trial is to decide whether the legal claims being made against CSI on your behalf are correct. Chief Judge William C. Griesbach of the United States District Court for the Eastern District of Wisconsin is overseeing this class action.

The case is known as:

*Steffek, et al. v. Client Services, Inc.*
**Case No. 1:18-cv-00160-WCG**

## 2. What is this lawsuit about?

This lawsuit is about whether CSI violated a Federal statute which regulates debt collection practices. The Federal statute is called the Fair Debt Collection Practices Act ("FDCPA"). Details of the FDCPA claims against CSI are discussed under Question 5.

## 3. What is the class action and who is involved?

In a class action lawsuit, the individuals who brought the case are called the Plaintiffs. In this lawsuit, Sarah Steffek and Jill Vandenwyngaard are the Plaintiffs. The company they sued is called the Defendant. CSI is the Defendant in this lawsuit.

The Plaintiffs file a class action lawsuit because they want to act on behalf of other people who have similar claims and recover damages for those persons. When the Court agrees the claims are similar, it "certifies" the case as a class action lawsuit. The people who have similar claims are together called the "Class" or the "Class Members."

After certifying the class action, the Court appoints a "Class Representative," who is often the Plaintiffs. The Court also appoints "Class Counsel," who often is the Plaintiffs' attorney.

In this case, the Court certified the lawsuit as a class action and appointed Ms. Steffek and Ms. Vandenwyngaard as the Class Representatives and their attorneys as Class Counsel. ***You are a member of the Class***.

Questions? Call 1-888-972-6583 or go to www.ClientServicesClassAction.com

Case 1:18-cv-00160-WCG   Filed 11/13/18   Page 8 of 18   Document 46

- 4 -

In a class action, one court resolves the legal claims for everyone in the Class—except for those people who choose to exclude themselves from the Class. The Court has set October 24, 2018 as the last day for Class Members to exclude themselves from the Class. For more information about how to exclude yourself, see Question 13.

The Court will decide who wins this lawsuit sometime *after* October 24, 2018.

## 4. Why is this lawsuit a class action?

On July 31, 2018, the Court decided this lawsuit will proceed as a class action because the lawsuit meets all the requirements to be a class action. Specifically, the Court found that:

- There are approximately 4,300 persons with addresses in the State of Wisconsin to whom CSI sent the same form letter in an attempt to collect a debt.
- There are legal questions and facts that are common to each Class Member.
- The Class Representatives' claims are typical of the Class Members' claims.
- Ms. Steffek and Ms. Vandenwyngaard and their lawyers will fairly and adequately represent the Class's interests.
- The common legal questions and facts are more important than questions that affect only individual Class Members.
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class. You may obtain a copy of that Order and other information by following the instructions under Question 20.

## 5. What does the lawsuit complain about?

In their Class Action Complaint, Plaintiffs allege CSI violated the FDCPA. They claim CSI's template collection letter failed to provide required information and was otherwise false, deceptive and misleading to unsophisticated consumers. You may obtain a copy of Plaintiffs' Class Action Complaint and other information by following the instructions under Question 20.

Plaintiffs' lawsuit contends that:
- CSI is a debt collector who was hired to collect a debt related to a "Chase Bank USA, N.A." account.
- In an attempt to collect those debts, CSI mailed you and each Class Member initial collection letters similar to the letter at the end of this Notice. Those letters:
    (1) Listed, "RE: CHASE BANK USA, N.A.";
    (2) Stated, "The above account has been placed with our organization for collections;" and
    (3) Directed payments be made payable to CSI and sent to CSI.
- CSI's letter failed to identify: (i) the name of the creditor to whom the debt being collected was owed; and (ii) the name of the entity who "placed" the account with CSI for collection.

## 6. What is CSI's answer?

CSI denies it did anything wrong. CSI contends that its collection letter identified the name of the creditor to whom the debt being collected was owed and that its letter was not false, deceptive, or misleading. CSI also contends it did not violate the FDCPA.

## 7. Has the Court decided who is right?

No. The Court hasn't decided yet whether Plaintiffs are correct. By certifying the Class and issuing this Notice, the Court is not suggesting the Plaintiffs will win or lose the lawsuit.

The Plaintiffs must still prove their claims at a trial. For more information about the trial, see "The Trial" section below.

## 8. What are the Plaintiffs asking for?

The FDCPA permits the Court to enter a judgment in an amount of money for damages when a debt collector unlawfully attempts to collect a debt. There are two types of damages allowed when there is a violation of the FDCPA.

One type of damages pays you for the harm caused by the debt collector. Those are called "compensatory damages." Plaintiffs' lawsuit does not seek compensatory damages because, according to CSI, no one was harmed by receiving its letter.

The FDCPA also allows the Court to award a limited amount of damages when a debt collector acts unlawfully. Those are called "statutory damages." The limits are different for the Class Representatives and the Class. The limits are:
- Up to $1,000 to each Class Representative; and
- Up to 1% of the debt collector's net worth or $500,000, whichever is less, to be shared equally by Class Members who do not exclude themselves.

When a jury decides the amount of statutory damages, the FDCPA requires it to consider five factors: (1) the frequency and persistence of noncompliance by the debt collector, (2) the nature of such noncompliance, (3) the resources of the debt collector, (4) the number of persons adversely affected, and (5) the extent to which the debt collector's noncompliance was intentional.

If a jury concludes CSI violated the FDCPA, it will then decide whether to award damages and, if so, how much.

If a jury concludes CSI did not do anything wrong, then no damages will be awarded.

## 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether CSI did anything wrong, and the Parties have not settled the case. There is no guaranty money or benefits will be obtained. If you do not exclude yourself and the Court awards statutory damages, you will be sent your share of the damages awarded.

## WHO IS IN THE CLASS

**You are a member of the Class**. You need to decide whether you want to remain a member of the Class.

## 10. Am I part of this Class?

Chief Judge Griesbach decided the Class consists of each person who meets the following definition:

> All persons with addresses in the State of Wisconsin to whom Client Services, Inc. mailed an initial written communication, between January 30, 2017 and February 20, 2018, which was not returned as undeliverable, and which lists "RE: CHASE BANK USA, N.A." and states "The above account has been placed with our organization for collections."

*You are receiving this Notice because CSI identified you as a member of the Class.*

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded, and you have to decide this now.

## 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of receiving money or benefits from this class action lawsuit. By doing nothing, you are staying in the Class.

If you stay in and the Plaintiffs obtain money or benefits, either as a result of a trial or a settlement, you will be notified about receiving your share.

Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or loses the trial, you will not be able to sue, or continue to sue CSI—as part of any other lawsuit—about the same legal claims that are the subject in this lawsuit. This means that if you do nothing, you will not be able to sue CSI for violations of the FDCPA based on the letter at issue in this lawsuit. You will also be legally bound by all Orders the Court issues and judgments the Court makes in this class action.

## 12. Why would I ask to be excluded?

You must decide whether you want to be legally bound by the Court's judgment in this class action.

If you do not want to be bound, then you must exclude yourself from the Class. If you exclude yourself from the Class—which means to remove yourself from the Class, and is sometimes called "opting-out" of the Class—you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between CSI and the Plaintiffs. You also will not be bound if CSI wins.

You may want to exclude yourself if you already have your own lawsuit or want to file one against CSI. If you file your own lawsuit after you exclude yourself, you'll have to hire your own lawyer and you'll have to prove your claims. If you exclude yourself to file your own lawsuit against CSI, you should talk with your own lawyer soon because your claims may be subject to a statute of limitations.

## 13. How do I exclude myself from the Class?

To exclude yourself from the Class, you **MUST** mail a letter to the court-appointed Notice Administrator.

**DO NOT WRITE TO THE COURT.**

Your letter **MUST** include:
a) your name,
b) your address, and
c) your request that you want to be excluded from the Class in *Steffek, et al. v. Client Services, Inc.*

Please address the envelope to the Administrator as follows:

Steffek v. Client Services
c/o Notice Administrator
P.O. Box 58070
Philadelphia, PA 19102-8070

You **MUST** mail your letter so that it is postmarked no later than **October 24, 2018.**

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes. The Court has decided the law firm of Stern Thomasson LLP is qualified to represent you and all Class Members. They are called "Class Counsel" and they are experienced in handling similar class action cases against debt collectors.

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may do so. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers be paid?

If Plaintiffs are successful in proving CSI violated the FDCPA, then Class Counsel is permitted to ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, all fees and expenses will be paid separately by CSI.

**If the Court awards statutory damages to either the Plaintiffs or the Class, no portion of those damages will be used to pay Class Counsels' fees or expenses**.

## THE TRIAL

The Court has not yet scheduled a trial date. If the Court decides a trial is needed, it will be held in the United States District Court for the Eastern District of Wisconsin at the United States Courthouse, 125 South Jefferson Street, Green Bay, Wisconsin 54301.

You may obtain information about whether there will be a trial and, if so, the trial date by following the instructions under Question 20.

### 17. How and when will the Court decide who is right?

As long as this lawsuit isn't resolved by a settlement, Class Counsel will have to prove the Plaintiffs' claims at a trial. No date has been set yet for the trial.

### 18. Do I have to come to the trial?

No. You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and CSI will present its defenses. You, or your own lawyer, are welcome to come at your own expense.

## 19. Will I get money after the trial?

You will be notified if the Plaintiffs obtain money or benefits as a result of a trial or settlement. We do not know how long this will take.

## GETTING MORE INFORMATION

## 20. Are more details available?

Yes. Do not contact the Court for legal questions or advice—**the Court and its staff are not allowed to answer your questions**. You may obtain additional information about this lawsuit in several ways.

a) Copies of all documents filed in this case which are public records may be:
   - Reviewed during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Wisconsin, 125 South Jefferson Street, Green Bay, Wisconsin 54301. You will need to provide the name of the lawsuit and the docket number: *Steffek, et al. v. Client Services, Inc.*, Case No. 1:18-cv-00160-WCG.
   - Viewed and downloaded at **http://www.pacer.gov/**

b) Contacting Class Counsel by calling 1-888-972-6583 or by writing to: Steffek v. Client Services, c/o Notice Administrator, P.O. Box 58070, Philadelphia, PA 19102-8070 or visit www.ClientServicesClassAction.com.

**SAMPLE LETTER**



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

RE: CHASE BANK USA, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX3802
BALANCE DUE: $8,936.43
REFERENCE NUMBER: 3872

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 7am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

DATE: 2/22/2017

**DEBT VALIDATION NOTICE**

The above account has been placed with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Mike Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | | | |
|---|---|---|---|
| ✉ | Send your payment in the enclosed envelope using the remittance coupon below. | 💻 | Online: www.csiconsumercenter.com |
| ☎ | Pay-by-Phone: 1-877-552-5905 | 👤 | If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

Do not send correspondence to this address.

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | 3872 |
|---|---|
| AMOUNT ENCLOSED | |



Checks Payable To: Client Services, Inc.

**REMIT TO:**

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047






 1 of 1

117611-7116-809

Questions? Call 1-888-972-6583 or go to www.ClientServicesClassAction.com

Steffek v. Client Services
c/o Notice Administrator
P.O. Box 58070
Philadelphia, PA 19102-8070

                <<refnum barcode>>
                <<refnum>>
                <<firstname>> <<lastname>>
                <<address1>>
                <<address2>>
                <<city>>, <<state>> <<zipcode>>

# EXHIBIT B

**Steffek, et al. v. Client Services, Inc., et al.**
**Case No.: 1:18-cv-00160-WCG**
**Requests for Exclusion**
**Received through November 9, 2018**

1. Cadotte, Cassie
   Superior, WI 54880

2. Fromfeld, Mary
   Merrill, WI 54452

3. Byran, Quinette
   Milwaukee, WI 53206

4. Simmerman, Fayette
   Mount Pleasant, WI 53405

5. Rihm, Kayla
   Prescott, AZ 86031