SARAH M. STEFFEK and
JILL VANDENWYNGAARD,

        Plaintiffs,

v.                                                         Case No. 18-C-160

CLIENT SERVICES, INC., et al.,

        Defendants.

# DECISION AND ORDER

Plaintiffs Sarah M. Steffek and Jill Vandenwyngaard filed this class action against Defendant Client Services, Inc. (CSI) and a number of John Does, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiffs allege that CSI violated § 1692g(a) by failing to disclose the current creditor's name in the required notice of debt it sent to them regarding a Chase Bank USA, N.A. debt. In addition, Plaintiffs claim the notice violated § 1692e because it is false, deceptive, and misleading. Presently before the court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiffs' motion will be denied, CSI's motion will be granted, and the case will be dismissed.

## BACKGROUND

The following facts are taken from the parties' stipulated proposed findings of fact. ECF Nos. 33-1, 40. On February 22, 2017, CSI mailed a form debt-collection letter to Steffek in an attempt to collect a debt. The top left-hand corner of the letter contained CSI's logo and address. The following information was below CSI's address:

> RE: CHASE BANK USA, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXX3802
> BALANCE DUE: $8,936.43
> REFERENCE NUMBER: 23073872

ECF No. 37-2. Similarly, on February 22, 2017, CSI mailed a form debt-collection letter to Vandenwyngaard in an attempt to collect a debt. Again, the top left-hand corner of the letter contained CSI's logo and address, as well as the following information related to Vandenwyngaard's debt:

> RE: CHASE BANK USA, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXXX8152
> BALANCE DUE: $3,358.53
> REFERENCE NUMBER: 23072305

ECF No. 37-3. The bodies of both letters sent to Plaintiffs contained the following:

**DEBT VALIDATION NOTICE**

The above account has been placed with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Mike Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ECF Nos. 37-2, 37-3. The last payment for the account identified in Steffek's letter occurred on June 4, 2014, and the account was charged-off by Chase Bank on January 30, 2015. The last payment for the account identified in Vandenwyngaard's letter occurred on December 7, 2014, and the account was charged-off by Chase Bank on March 31, 2015. The parties do not dispute that Chase Bank was in fact the original creditor of the debts. Plaintiffs claim the letters violated §§ 1692e and 1692g(a)(2) of the FDCPA by failing to expressly identify Chase as the current creditor.

Although they object to the affidavit filed by CSI that states Chase is also the current creditor, Plaintiffs have offered no evidence suggesting that the debt was ever sold or assigned to a different creditor. Instead, they argue that the court should not consider additional facts not contained in the parties' stipulated facts. ECF No. 33-1.

On August 22, 2018, Plaintiffs filed a motion to compel, seeking responses to certain discovery requests. CSI failed to respond to the motion to compel, and the court accordingly granted the motion on August 31, 2018. ECF No. 32. On September 8, 2018, Plaintiffs filed an unopposed motion to vacate the order compelling discovery. Plaintiffs noted that the parties entered into a stipulation on August 24, 2018 that obviated the need for any further oral and written discovery into CSI's liability. In particular, the parties agreed that, in order to streamline the litigation, they would stipulate to "all facts they believe are necessary for the Court, or a jury, to decide the issue of liability in the litigation (by dispositive motions or trial) which would enable the parties to forego undertaking any further depositions or discovery." ECF No. 33-1 at 2–3. They further agreed that the ten facts listed in the stipulation would be the "only facts that shall be used by the Parties in support of, or in opposition to, a finding of liability by way of any dispositive

motion filed by the Parties or at trial." *Id.* at 3. On September 11, 2018, the court granted the motion to vacate the order compelling discovery and ordered that, in the event the court enters an order either finding CSI liable or setting the case for trial, Plaintiffs will be allowed 45 days from the date of that order to take oral and written discovery regarding damages. ECF No. 34. Plaintiffs argue that the court should only consider the ten facts enumerated in the parties' stipulation because they would be highly prejudiced if the court considered any additional information beyond that contained in those facts. ECF No. 33-1. Plaintiffs do not dispute that they had the opportunity to conduct discovery and decided to forgo additional discovery to streamline the litigation and resolve the matter in the most efficient and economical manner possible. Plaintiffs have failed to offer any evidence on summary judgment to dispute, contradict, or undermine CSI's assertion that Chase Bank is the current creditor, thereby forfeiting any argument that it is not. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (noting that summary judgment is the "'put up or shut up' moment in a lawsuit" where party with burden of proof must demonstrate evidence exists to support claim).

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit

evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel*, 612 F.3d at 937 (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

In this case, for instance, Plaintiffs have the burden of proof as to the elements of their claim. These include the following:

1. CSI is a "debt collector" as defined in § 1692a(6);

2. CSI's letters were mailed to Plaintiffs "in connection with the collection of any debt;" and

3. Mailing the letters to Plaintiffs violated one or more substantive provisions of the FDCPA.

*Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010).

Here, there is no dispute that CSI is a debt collector and the letters were mailed in connection with the collection of a debt. The sole issue before the court is whether Plaintiffs have produced evidence from which a jury could conclude that the letters violated one or more provisions of the FDCPA.

**ANALYSIS**

The FDCPA is intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against

5

debt collection abuses." 15 U.S.C. § 1692(e). "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting debt." *Gburek*, 614 F.3d at 384 (citing §§ 1692, 1692c–1692f). "To help accomplish that goal, § 1692g(a) provides that in either the initial communication with a consumer in connection with the collection of a debt or another written notice sent within five days of the first, a debt must provide specific information to the consumer." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320–21 (7th Cir. 2016). Section 1692g requires that the written notice contain, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2). "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos*, 825 F.3d at 321 (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)).

In assessing whether a collection letter violates § 1692g, the court must view the letter from the position of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). Under this standard, the letter "must be clear and comprehensible to an individual who is 'uninformed, naive, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)). An unsophisticated consumer is not a "dimwit" who interprets letters "in a bizarre or idiosyncratic fashion," but is instead a person who possesses "reasonable intelligence." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th

6

Cir. 2018) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Plaintiffs claim that, because CSI failed to use the phrase "current creditor" or use other language to describe Chase Bank as the creditor to whom the debt is currently owed, CSI's letters violate § 1692g(a)(2) of the FDCPA. Plaintiffs assert that this case is analogous to *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

In *Janetos*, the form letter sent to the debtor did not identify the creditor to whom the debt was owed as a creditor of any sort. Instead, the letter described Asset Acceptance, the entity to whom the debt was then owed, as the "assignee of Ameristar." *Id.* at 320. The letter also included a statement advising the debtor that "the above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." *Id.* The letter did not provide any further information regarding the relationship between Asset Acceptance and Fulton. In addition, the letter did not identify Fulton as a debt collector, thereby allowing an inference that Fulton was the creditor to whom the debt was owed. The court concluded that the letter "simply did not say who currently owned the debts," and "each recipient was left to guess who owned the debt following the 'transfer' of the 'account'" as a result. *Id.* at 321. The court found, "On its face, then, the letter failed to disclose the information that § 1692g(a)(2) required." *Id.*

Here, by contrast, the letters Plaintiffs received contained the name of the creditor to whom the debt is owed, Chase Bank USA, N.A., in the subject line and did not identify Chase Bank as an assignee, a term an unsophisticated consumer would likely not understand. No other creditor, aside from the original creditor, was mentioned. The letters also explained that each Plaintiff's account had been "placed with [CSI] for collections," reiterated that the letters are from a debt collector, and

7

instructed that all payments and communications were to be made with CSI. ECF Nos. 37-2, 37-3. In other words, each letter made clear that CSI was a debt collector and then named each Plaintiff's account with Chase Bank USA, N.A. They also listed the last four digits of the debtor's account number. While the letters could have expressly identified Chase Bank as the current creditor or owner of the debt, § 1692g(a)(2) does not mandate the use of such language. It simply requires the notice to contain "the name of the creditor to whom the debt is owed." On summary judgment, it is Plaintiffs' burden to produce some evidence that CSI failed to do so. Plaintiffs have offered nothing, choosing instead to argue that it doesn't matter because by failing to use words such as "current creditor" or their equivalent, CSI violated the FDCPA. But if Chase Bank was the creditor to whom the debt was owed at the time the letter was sent, then CSI complied with the statute. An unsophisticated consumer with an account at Chase Bank would understand based on the letters that Chase Bank USA, N.A. was the creditor to whom the debt was owed. By failing to establish they have any evidence that Chase Bank was not the creditor to whom the debt is owed—indeed, by opposing the admission of any such evidence—Plaintiffs have failed to meet their burden on summary judgment to present some evidence that the letters did not contain "the name of the creditor to whom the debt is owed."

I therefore conclude on the record before me that CSI is entitled to summary judgment. There is no evidence that Chase Bank is not the creditor to whom the debt is owed, and the letters comply with § 1692g(a)(2) in that they provide the debtor a written notice that clearly contained Chase Bank's name as the source of the account CSI was attempting to collect. The letters "state[d] the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos*, 825 F.3d at 321 (quoting *Chuway*, 362 F.3d at 948). Because the letters did not violate § 1692g, it

follows that, under the facts of the case, the letter did not violate § 1692e. *See id.* at 322–23. Accordingly, CSI's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, CSI's motion for summary judgment (ECF No. 35) is **GRANTED**, and Plaintiffs' motion for partial summary judgment as to liability (ECF No. 38) is **DENIED**. The Clerk is directed to enter judgment of dismissal in favor of CSI accordingly.

**SO ORDERED** this  12th  day of March, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court